# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **HERIBERTO VELAZQUEZ-RIVERA** | **CIVIL NUM.** |
| **PLAINTIFF** | |
| **VS** | |
| **COMMONWEALTH PUERTO RICO CORRECTIONS AND REHABILITATION DEPARTMENT, CARLOS M. MOLINA RODRIGUEZ; his wife JANE DOE, and the legal conjugal partnership constituted by them; EVELYN QUINTERO HERNANDEZ, her husband JOE DOE, and the legal partenership constituted by them; JOSE FERRER, his wife, JILL DOE, and the legal conjugal partnership constituted by them; JOHN DOE, in his personal and official capacities; JANE ROE, in his personal and official capacities; JOHN ROE, in his personal and official capacities** | **CIVIL RIGHST; DAMAGES; INJUCTIVE RELIEF**<br><br>**Plaintiff Demands Trial By Jury** |
| **DEFENDANTS** | |

## COMPLAINT

**TO THE HONORABLE COURT:**

COMES NOW Plaintiff, Heriberto Velazquez-Rivera, through the undersigned legal representation, and very respectfully states and prays:

## I. NATURE OF THE ACTION AND JURISDICTION

1. This action arises under the Constitution and Laws of the United States and more particularly under the First and Fourteenth Amendments to the Constitution of the United States and the Civil Rights Act of 1871, 42 U.S.C. §§ 1983 and 1988.

2. Jurisdiction is conferred upon this Court by Title 28 U.S.C. §§ 1331, 1334 insofar as Plaintiff's claims present a federal question. Plaintiff also claims supplemental jurisdiction over all claims arising under the Constitution and Laws of the Commonwealth of Puerto Rico, as all claims here in presented arise from a same nucleus of operative facts. See 28 U.S.C. §1367.

3. Venue properly lies in the District Court since the claim arose in the Commonwealth of Puerto Rico.

4. Pursuant to the Seventh Amendment to the United States Constitution, Plaintiff demands trial by jury as to all counts presented in the instant Complaint.

## II. THE PARTIES

5. Plaintiff, Heriberto Velazquez-Rivera, is of legal age, single, citizen of the United States of America, and resident of Aguadilla, Puerto Rico. He occupies a career position and has a employment classification as a Administrative Auxiliary I ("Auxiliar Administrativo I") in Puerto Rico's Corrections and Rehabilitation Department.

6. Defendant, Carlos M. Molina-Rodriguez, was the Secretary of the Puerto Rico's Corrections and Rehabilitation Department (hereinafter referred to as Correction Department) at the time of facts alleged in the present complaint and is a member of the New Progressive Party. As Secretary of the Corrections Department, defendant

Molina-Rodriguez was the person responsible for implementing government policy concerning the Corrections Department and the implementation of its regulations, orders and procedures, appointment of personnel, assignment of duties to personnel, transfer of personnel, among others.  He was also the nominating authority of the Corrections Department.  At all times relevant to this complaint, defendant Molina-Rodriguez acted under color of state law and under color of authority as the Secretary of the Corrections Department.  He is being sued in his individual or personal capacity for his actions and/or omissions that caused the damages claimed hereafter.

7. Defendant, Jane Doe and the conjugal legal partnership Molina-Doe, are defendant's Molina-Rodriguez' wife which at this time her name is unknown, and the conjugal partnership they constitute, respectively.

8. Defendant, Evelyn Quintero-Hernandez, was and by belief, still is, the Account Supervisor and/or Accounting Supervisor of the Corrections Department at their Correctional Facilities at Guerrero, Aguadilla. She was at the time of the facts alleged in the present complaint, the immediate supervisor of Plaintiff and is a member of the New Progressive Party. She was involved in the implementation of regulations, orders and procedures, appointment of personnel, assignment of duties to personnel, transfer of personnel, among others.   At all times relevant to this complaint, defendant Quintero-Hernandez acted under color of state law and under color of authority as Account Supervisor and/or Accounting Supervisor of the Corrections Department at their Correctional Facilities at Guerrero, Aguadilla.  She is being sued in her individual or

personal capacity for her actions and/or omissions that caused the damages claimed hereafter.

9.     Defendant, Joe Doe and the conjugal legal partnership Doe-Quintero, are defendant's Quintero-Hernandez' husband which at this time his name is unknown, and the conjugal partnership they constitute, respectively.

10.     Defendant, José Ferrer, was at the time of the facts alleged in the present complaint, the Director of Public Policy, for the Corrections Department at their Correctional Facilities at Guerrero, Aguadilla. He is a member of the New Progressive Party and was involved in the implementation of regulations, orders and procedures, appointment of personnel, assignment of duties to personnel, transfer of personnel, among others.   At all times relevant to this complaint, defendant Ferrer acted under color of state law and under color of authority as Director of Public Policy, for the Corrections Department at their Correctional Facilities at Guerrero, Aguadilla. He is being sued in his individual or personal capacity for his actions and/or omissions that caused the damages claimed hereafter.

11.     Defendant, Jill Doe and the conjugal legal partnership Ferrer-Doe, are defendant's Ferrer's  wife which at this time her name is unknown, and the conjugal partnership they constitute, respectively.

12.     Defendant, John Doe, is the Director of Human Resources of the Corrections Department at the time of the facts alleged herein which at this time his/her name is unknown; as such she/he was in charge and oversees of all personnel transactions including appointments, transfers, delegation or assignment of duties,

among others.  At all times relevant to this complaint, defendant, John Doe, acted under color state law and under color of authority as Director of Human Resources the Corrections Department.  She/he is being sued in the individual or personal capacity for her/his actions and/or omissions that caused the damages claimed hereafter.  She/he is also being sued in her/his official capacity as Corrections Department's Director of the Human Resources as to any equitable remedy that this Honorable Court may issue or order as it deems proper.

13. Defendants, John Roe and Jane Roe, are any person, which directly participated and/or unlawfully acquiesced to the violation of Plaintiff's civil rights, which at this time their names are unknown.  They are being sued in their names are unknown.  They are being sued in their individual or personal capacities for their actions and/or omissions that caused the damages claimed hereafter.

14. Defendant, Commonwealth of Puerto Rico, Corrections and Rehabilitation Department, is being sued any equitable remedy that this Honorable Court may issue or order as it deems proper.

15. All unknown named defendants will be substituted and served process as soon as their names are known.

### III. THE FACTS

16. Plaintiff began to work in the Corrections Department in the year 1995. On July, 1995, Plaintiff was named Sub-Delegate Purchaser, as per his assigned functions and duties and was required to register his signature in order to be duly

authorized to perform purchases for the State, and every two (2) years this assignment and the registration of the signature is renewed.

17. As Purchaser, Plaintiff purchased a wide variety of articles for the Corrections Department, including food, cleaning materials, office supplies, among others at their facilities at Guerrero Aguadilla. Plaintiff also had the responsibility of processing the payments to Suppliers through the Treasury Department.

18. On June, 2000, the Corrections Department implemented a Classification and Retribution Plan and as such, Plaintiff is classified as Administrative Auxiliary I, in accordance with his functions as Purchaser.

19. Plaintiff continued his functions as Purchaser for years without any interruption and variation to those functions as Purchaser.

20. On November 30, 2007, Plaintiff received a communication from the Corrections Department, that he was being awarded and as such receiving an additional payment of two hundred dollars ($200) a month as a differential in payment because of his functions as Purchaser, beginning January 1, 2008.

21. During that time, Plaintiff's responsibilities as Purchaser increased as he was assigned additional duties, as for example completion of the Certification for Exemption to retain and pay sales tax ("IVU") to qualified suppliers. He was also now required to complete and submit annually a report before the Office of Government Ethics ("Oficina de Etica Gubernamental").

22. Plaintiff was one of only two Purchasers for the Correctional Facilities at Guerrero, Aguadilla.

23. As a result of the General Elections in November, 2008, there was a change in government on January, 2009. As such, Defendant Carlos Molina-Rodriguez was assigned as the new Secretary of the Corrections Department.

24. Plaintiff began to be submitted to comments regarding his political affiliation to the Popular Democratic Party ("PDP"), in which he is an active member, a fact that is known in his workplace.

25. Plaintiff began to receive comments like "now we are in charge", "the time of the "populares" is over", "now we of the NPP are going to receive the benefits", among others.

26. Mr. Edwin Sanchez, former Superintendent of the Correctional Facilities at Guerrero, told Plaintiff to be careful because he was aware that certain Correction Department officials affiliated to the NPP were interested in taking away Plaintiff's payment differential.

27. Sometime in September, 2009, Defendant Evelyn Quintero-Hernandez, who is a well known affiliate of the NPP, began to work at the Guerrero Correctional Facilities, as Accounting Supervisor and/or Accounts Supervisor. Once she began as such she commenced a pattern of harassment towards Plaintiff.

28. This pattern of harassment continued until August 12, 2010, when Plaintiff had to report himself to the State Insurance Fund Corporation ("Corporación del Fondo del Seguro del Estado"), due to a physical condition. The Corrections Department was obviously aware of this situation.

29. Plaintiff's first medical appointment at the State Insurance Fund Corporation was on September 8, 2010. Plaintiff was evaluated and was cleared to report back to work although he would continue to receive treatment provided by the State Insurance Fund Corporation.

30. Accordingly, Plaintiff reported back to work on September 9, 2010. That same day, to Plaintiff's surprise, he was informed that a private letter had been sent to him from the central offices of the Corrections Department and that it was at the office of Defendant José Ferrer, Director of the Office of Public Policy. Plaintiff was informed by Defendant Ferrer's personal secretary, Lucila Rosa, that the letter was "under key" at Ferrer's office and that he was currently not at the office and not available. Ms. Rosa told Plaintiff that she would be contacting him at a later time regarding the letter.

31. It was not until September 16, 2010 that Plaintiff was contacted by the office of Ferrer and told to come by the office and pick up the letter, which Plaintiff immediately did, though the letter was dated August 6, 2010.

32. To Plaintiff's surprise the letter was from the office of the Secretary of the Corrections Department, Defendant Molina-Rodriguez, and signed by him. The letter informed Plaintiff that he was being transferred to another work area, the Office of Administrative Remedies, and was being stripped of his duties and functions as Purchaser, functions he had performed for years.

33. Plaintiff met personally with defendant Ferrer to discuss his transfer. Defendant Ferrer informed Plaintiff that he had discussed the matter with defendant Quintero-Hernandez and that the decision to transfer him was allegedly because as a

result of the fiscal cuts performed under Law 7, there was less personnel in the Accounts Unit and that he was needed in that department. Plaintiff inquired why was he the person being transferred when there were other employees better suited for that unit and that he was interested in continuing working as a Purchaser, where he received a payment for differential in salary. Defendant Ferrer asked Plaintiff to give him the original letter sent to him, in order to prepare a new letter clarifying the matter, to which Plaintiff obliged. Defendant Ferrer never prepared said new letter.

34. That same day, Plaintiff also met with defendant Quintero-Hernandez to whom he also expressed his desire to continue working as a Purchaser. Defendant Quintero-Hernandez told Plaintiff that he needed to wait to see what would occur but that the transfer would most likely continue.

35. Plaintiff asked defendant Quintero-Hernandez if the Purchasing position he had had occupied had been eliminated, to wish defendant Quintero-Hernandez said no. On the contrary, his position was now being given to Ms. Carmen Vendrel-Torres, a former Sub-Purchaser who had previously worked as such in the Regional Office of the Corrections Department, but had loss that position when the Regional Office was eliminated and she was transferred to the Guerrero Correctional Facility. Carmen Vendrel-Torres is an active member of the NPP, fact that is well known in the Department of Corrections. She had in the past requested she be named once again as Purchaser.

36. Defendant Quintero-Hernandez told Plaintiff that she had granted Vendrel-Torres' request to occupy the functions of Purchaser because Quintero-Hernandez was

not sure how long Plaintiff would be out of work and reported to the State Insurance Fund Corporation. Plaintiff indicated to Quintero-Hernandez that alleged reason had no rational basis since Quintero-Hernandez herself had signed the paperwork concerning Plaintiff's request to receive services from the Fondo del Seguro del Estado and that the request itself was until September 8, 2010, having Plaintiff reported back to work on September 9, 2010.

37. On October 14, 2010 Plaintiff, accompanied by a representative of the Union, once again met with defendants Ferrer and Quintero-Hernandez to discuss the matter. Defendants informed Plaintiff that the decision had been made and would remain the same.

38. Plaintiff was removed from his position as Purchaser and his differential payment taken away from him, even though said position was not eliminated nor there was a valid reason for his transfer. At the time of his transfer there were two positions as Purchasers at the Correctional Facilities at Guerrero, the other being held by Ms. Yolanda Lasalle, who was not transferred. Plaintiff was removed from his position as Purchaser even though he was the Purchaser with most experience and seniority. This very fact is indicative that Plaintiff was removed from his position for reasons other than the ones given by defendants.

39. Plaintiff continued to question his removal and on August 6, 2011 sent a formal letter to defendant Molina-Rodriguez and the Department of Corrections protesting his removal and asking to be reinstated in his position and functions as

Purchaser, requesting damages and interrupting any term to file a judicial claim. To this date, Defendants have not complied or answered.

40. Plaintiff was removed from his position as Purchaser and his benefits as such taken away, because of his affiliation to the PDP and defendants desire to place a member of their own political affiliation in the position held by Plaintiff.

41. Defendants went so far as to proceed with the baseless removal of Plaintiff during the time he was out on medical leave and reported to the State Insurance Fund Corporation, also violating the law on that matter.

42. As a direct result of the political discrimination against him, Plaintiff not only suffered a loss in payment and benefits, but also suffered depression and mental anguish.

43. The actions and/or omissions of defendants violate Plaintiff's federally protected rights as expressed in the First and Fourteenth Amendments to the United States Constitution, and they violate Article II, §§ 1,7 of the Commonwealth of Puerto Rico Constitution.

## IV. FIRST CAUSE OF ACTION

44. The allegations contained in paragraphs 1 to 43 are re-alleged as if fully incorporated herein.

45. The facts set-out in this Complaint constitute violations of Plaintiff's constitutional rights protected by the First and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. §§1983 and 1988.

46. At all times and in all matters complained herein, defendants acted under color of the laws, statutes, ordinances, regulations, customs, or usages of the Commonwealth of Puerto Rico.

47. Defendants' motivating factor to discriminate against Plaintiff by removing him from his position as Purchaser and appointing a less qualified but NPP member to such position, while also keeping another Purchaser with less experience and seniority is political in nature due to Plaintiff's affiliation to the PDP, the opposing party. Defendants' discriminatory actions and/or omissions, under color of state law, violated Plaintiff's First Amendment Rights under the United States' Constitution.

48. Hence, defendant's actions and/or omissions, under color of state law, violated Plaintiff's due process right under the Fourteenth Amendment to the United States Constitution.

49. As a direct result of the unlawful and grossly negligent actions and/or omissions carried out by all Defendants, under color of state law, as described herein, Plaintiff has suffered economic damages, great mental anguish, depression, and humiliation, among others. Therefore, Plaintiff is entitled to a compensation of no less than one million dollars ($1,000,000.00).

## V. SECOND CAUSE OF ACTION

50. The allegations contained in paragraphs 1 to 49 are re-alleged as if fully incorporated herein.

51. Plaintiff has invoked supplemental jurisdiction under 28 U.S.C. § 1367 since the same operative facts as detailed herein, also constitute violation to Article II, §§ 1, 7 I of the Constitution of the Commonwealth of Puerto Rico, Act Number 100 of Junes 30, 1959, P.R. Laws Ann. Title 29, § 146 et seq.  Therefore, for all the damages suffered as described herein, Plaintiff is entitled to compensation under the laws of Commonwealth of Puerto Rico for a sum of no less <u>than double</u> of the amount of one million dollars ($500,000.00).

52. Defendants also violated the law, by taking actions against Plaintiff's employment while he was out of work under medical leave and reported to the State Insurance Fund Corporation.

## VI. INJUNCTIVE RELIEF

53. The allegations contained in Paragraphs 1 through 52 are re-alleged as if fully incorporated herein.

54. Defendants' actions and omissions, as described in this Complaint, violated Plaintiff's federally protected rights including his due process right.  Therefore, Plaintiff respectfully requests from this Honorable Court to declare void and illegal the actions of defendant Molina-Rodriguez, as former Secretary of the Corrections and Rehabilitation Department, and that of all other defendants of removing Plaintiff from his position as Purchaser, and to order the Puerto Rico Corrections and Rehabilitation Department to immediately reinstate Plaintiff to said position, including all benefits, promotions, back-pay, front pay, among others; and to further order defendants and the Puerto Rico Corrections and Rehabilitation Department to stop infringing on

Plaintiff's federally protected rights and to refrain of taking any retaliatory actions against Plaintiff.

## VII. PUNITIVE DAMAGES

55.     The allegations contained in paragraphs 1 to 54 are re-alleged as if fully incorporated herein.

56.     For defendants' actions and/or omissions and disregard for Plaintiff's rights as described in this Complaint, Plaintiff is entitled to punitive damages in an aggregate amount of no less than five hundred thousand dollars ($500,000.00).

## VIII. ATTORNEYS' FEES, COSTS, AND INTERESTS

57.     The allegations contained in paragraphs 1 to 56 are re-alleged as if fully incorporated herein.

58.     It is respectfully requested form this Honorable Court to order defendants to pay all interests, costs, and attorneys' fees as prescribed by law.

WHEREFORE, Plaintiff respectfully prays for this Honorable Court to enter judgment against Defendants, finding as true the facts as alleged herein and granting all the amounts of money requested herein plus costs, interests, and attorneys fees, granting the injunctive relief, and awarding any such other relief as the Honorable Court may deem necessary and proper.

**RESPECTFULLY SUBMITTED.**

In Aguada, Puerto Rico, this 4th day of August, 2012.

                        s/Heriberto Güivas-Lorenzo
                        **Heriberto Güivas-Lorenzo, Esq.**
                        USDC-PR 217709
                        Attorney for Plaintiffs
                        HC-03 Box 39605
                        Aguada, Puerto Rico 00602
                        Tel. (787) 868-4920
                        Fax. (787) 868-4921
                        Email: guivasquinoneslaw@yahoo.com
                                    guivas24@hotmail.com