IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **HERIBERTO VELÁZQUEZ-RIVERA,**<br><br>**Plaintiff,**<br><br>v.<br><br>**CARLOS M. MOLINA-RODRÍGUEZ, et al.,**<br><br>**Defendants.** | **CIVIL NO. 12-1633 (PAD)** |

**OPINION AND ORDER**

Delgado-Hernández, District Judge.

Heriberto Velázquez-Rivera initiated this action against the Commonwealth of Puerto Rico's Corrections and Rehabilitation Department ("DCR" by its Spanish acronym), its secretary, Carlos Molina-Rodríguez, and other officials, seeking injunctive relief and damages for alleged political discrimination in violation of the First and Fourteenth Amendments, and for violations of Puerto Rico law (Docket No. 1 at ¶¶ 45, 48, 51-52). Jurisdiction was predicated upon 28 U.S.C. §§ 1331 and 1334. Supplemental jurisdiction was invoked under 28 U.S.C. § 1367. Before the court is defendants' motion for summary judgment (Docket No. 59), which remains unopposed (Docket No. 65). For the reasons below, the motion is GRANTED and the case DISMISSED.

**I.     BACKGROUND**

In August 2012, plaintiff initiated the action (Docket No. 1). In November 2012, defendants answered the complaint denying liability (Docket No. 11), and filed a motion for judgment on the pleadings (Docket No. 12). The court granted the motion in part, dismissing (1) federal monetary claims against the Commonwealth of Puerto Rico and the individual defendants

Case 3:12-cv-01633-PAD-MEL   Document 66   Filed 08/17/15   Page 2 of 5

Velázquez-Rivera v. Molina-Rodríguez, et al.
Civil No. 12-1633 (PAD)
Opinion and Order
Page 2

in their official capacities; (2) the claims under the Fourteenth Amendment; and (3) the claims under the Puerto Rico Constitution and Puerto Rico Law No. 100 of June 29, 1959, P.R. Laws Ann. tit. 29 § 146 *et seq*. (Docket No. 17 at p. 12).  In July 2015, defendants moved for summary judgment, requesting dismissal of the remaining first amendment political discrimination and state claims (Docket No. 59).

## II.    STANDARD OF REVIEW

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  A factual dispute is "genuine" if it could be resolved in favor of either party.  It is "material" if it potentially affects the outcome of the case in light of applicable law. Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004).

The party moving for summary judgment bears the initial responsibility of demonstrating the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has satisfied this requirement, the nonmoving party has the burden of presenting facts that demonstrate a genuine issue for trial.  LeBlanc v. Great American Ins. Co., 6 F. 3d 836, 841 (1st Cir. 1993).  All reasonable inferences must be drawn in favor of the nonmovant. Shafmster v. United States, 707 F. 3d. 130, 135 (1st Cir. 2013).

To resist summary judgment, the nonmovant must do more than show some metaphysical doubt as to a material fact.  Matsushita Elec. Inds. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Mere existence of a scintilla of evidence in support of that party's position is insufficient to prevail at this stage.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).  For the same reason, conclusory allegations, empty rhetoric, unsupported speculation, or evidence which, in the

aggregate, is less than significantly probative will not suffice to ward off a properly supported motion for summary judgment. Nieves-Romero v. United States, 715 F. 3d 375, 378 (1st Cir. 2013). Careful record review reflects absence of genuine dispute as to the facts identified in the section that follows. Based on those facts, defendants are entitled to judgment as a matter of law.

### III.    FACTUAL FINDINGS

Plaintiff was administratively appointed Deputy Delegate of Purchasing for the DCR in July 19, 1995 (Docket No. 59, Exh. 1, Statement of Uncontested Material Facts "SUMF" at ¶ 3). His appointment was subject to renewal every two years. SUMF at ¶ 4. While working at the Purchase Office, he was supervised by Evelyn Quintero-Hernández and received a gross salary of $2,011.00. SUMF at ¶¶ 17-18. He has been affiliated to the Popular Democratic Party ("PDP") since 1984. He worked as a polling officer in 1992, and has since attended several activities associated to that political party (Plaintiff's deposition, Docket No. 59, Exh. 3 at pp. 25-29).

On September 2010, plaintiff received a letter signed by Molina-Rodríguez, informing him that effective October 2010, he would be transferred to the Administrative Remedy Office. SUMF at ¶ 15. He complains that this was done on account of his political affiliation to the PDP, which he infers may have been known by Molina-Rodríguez because of information sent through plaintiff's chain of command. SUMF at ¶¶ 22-25. He does not personally know Molina-Rodríguez, nor have they ever spoken about their respective political affiliations. SUMF at ¶¶ 28-29. And Molina-Rodríguez is not aware of plaintiff's political affiliation. SUMF at ¶ 37.

Plaintiff was never told the reason behind the transfer was his political affiliation. SUMF at ¶ 30. His transfer was due to the enactment of Puerto Rico Law No. 7. SUMF at ¶ 38, and Molina-Rodríguez' Statement under Penalty of Perjury, Docket No. 59, Exh. 4. In the new position – which plaintiff holds to date – he earns the same salary and has the same fringe benefits, but no longer

collects a performance-based differential payment of $200.00 that he received as a purchaser. SUMF at ¶¶ 14, 19-21, and Docket No. 59, Exh. 3, p. 22.

## IV.     DISCUSSION

### A.  First Amendment

The First Amendment bars government officials from taking adverse employment action on the basis of a person's political affiliation, unless political affiliation is an appropriate requirement for the position. García-González v. Puig-Morales, 761 F.3d 81, 9 (1st Cir. 2014); Rodríguez-Reyes v. Molina-Rodríguez, 711 F. 3d 49, 55 (1st Cir. 2013). To establish a *prima facie* case of political discrimination, a plaintiff must demonstrate: (1) that he and defendant have opposing political affiliations; (2) that the defendant is aware of the plaintiff's affiliation; (3) an adverse employment action; and (4) that political affiliation was a substantial or motivating factor for that adverse action. García-González, 761 F.3d. at 13.

The record permits plaintiff to satisfy the first and third prongs of the *prima facie* case. It is uncontested that he is affiliated with the PDP, while defendants – appointed by then-governor Luis Fortuño – are affiliated with the New Progressive Party. Also, to the extent plaintiff was transferred and no longer collects the performance-based differential payment he received as a purchaser, he may be said to have been subjected to an adverse employment action.

But apart from plaintiff's conjecture that his political affiliation may have been known by Molina-Rodríguez based on information sent through the chain of command, the record is devoid of evidence suggesting defendants were aware of his affiliation to the PPD. In fact, he fails to even assert that the other codefendants were so aware. The required link between the transfer and political motivation is lacking.

A plaintiff cannot prevail by "asserting an inequity and tacking on the self-serving conclusion that [defendants were] motivated by a discriminatory animus." Cabán-Rodríguez v. Jiménez-Pérez, 558 Fed.Appx. 1, 6 (1st Cir. 2014) (citing Santiago v. Canon U.S.A., Inc., 138 F.3d 1, 5 (1st Cir. 1998)). Merely juxtaposing a protected characteristic – someone else's politics – with the fact that plaintiff may have been treated unfairly "is not enough to state a constitutional claim." Marrero-Gutierrez v. Molina, 491 F.3d 1, 10 (1st Cir. 2007). Thus, the First Amendment claim must be dismissed.

### B. State Claims

Federal courts may decline to exercise supplemental jurisdiction over a plaintiff's state claims when the federal claims that gave it original jurisdiction are dismissed. See, 28 U.S.C. § 1367(c)(3)(so specifying). Since the federal constitutional claims will be dismissed, the remaining state claims must be dismissed, without prejudice. Rivera-Díaz v. Humana Insurance of Puerto Rico, Inc., 748 F.3d 387, 392 (1st Cir. 2014); Martínez v. Colón, 54 F.3d 980, 990 (1st Cir. 1995), cert. denied 516 U.S. 987 (1995).

## V. CONCLUSION

In view of the foregoing, defendants' request at Docket No. 59 ("Memorandum of Law in Support of Motion for Summary Judgment") is GRANTED. Judgment dismissing the case will be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, this 17th day of August, 2015.

                                                   s/Pedro A. Delgado-Hernández
                                                   PEDRO A. DELGADO-HERNÁNDEZ
                                                   United States District Judge